Milton L. Chappell, Esq. (*pro hac vice*)
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
Phone: (703) 770-3329
Fax:    (703) 321-9319
Email: mlc@nrtw.org
*Counsel for Service*

Steven R. Burlingham, Esq. (CBN 88544)
GARY, TILL & BURLINGHAM
5330 Madison Avenue, Suite F
Sacramento, California 95841
Phone: (916) 332-8122
Fax:    (916) 332-8153
Email: steveb@gtblaw.com

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. FRIEDMAN *et al*., <br><br>On behalf of all others similarly situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>CALIFORNIA STATE EMPLOYEES ASSOCIATION *et al*., <br><br>*Defendants*. | **Case No. CIV-S-00-00101 WBS/DAD** <br><br>**CLASS ACTION** <br><br>**NOTICE TO THE CLASS OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES PURSUANT TO 42 U.S.C. § 1988** <br><br>**HEARING DATE:  July 19, 2010** <br><br>**TIME:  2:00 p.m.** <br><br>**Courtroom of Judge William B. Shubb, Courtroom 5, 14th Floor, Sacramento, CA** |

TO ALL CALIFORNIA STATE UNIVERSITY ("CSU") EMPLOYEES IN BARGAINING UNITS 2 (HEALTH CARE SUPPORT), 5 (OPERATIONS SUPPORT), 7 (CLERICAL/ADMINISTRATIVE SUPPORT) & 9 (TECHNICAL SUPPORT) WHO WERE NOT MEMBERS OF THE CSEA ("FAIR SHARE FEE PAYERS") AT ANY TIME BETWEEN NOVEMBER 1, 1999 AND MARCH 31, 2000:

1   PLEASE TAKE NOTICE that Plaintiffs in the above-captioned case, David M.
2 Friedman, *et al.*, will move the Court for an award of attorneys' fees, costs, and expenses
3 incurred in litigating the case. The motion will be heard on July 19, 2010, at 2:00 p.m., or as
4 soon thereafter as possible, in the courtroom of the Honorable William B. Shubb (Courtroom 5,
5 14th Floor), located at 501 "I" Street, Sacramento, California 95814.

6   Plaintiffs filed this class action complaint alleging, among other things, that effective
7 January 1, 2000, CSEA[1] would improperly withhold a portion of union dues from their
8 paychecks without providing them with the procedural safeguards mandated by *Chicago*
9 *Teachers Union v. Hudson*, 475 U.S. 292 (1986).

10   On March 15, 2000, the Court ordered that the case proceed as a class action under the
11 provisions of Federal Rule of Civil Procedure 23 on behalf of the class defined in the rectangle
12 on page one.

13   On February 24, 2010, the Court granted judgment for plaintiffs that the "Notices to Fair
14 Share Fee Payers" that CSEA sent to Plaintiffs and members of the class prior to April 2000 did
15 not meet all of the requirements of *Hudson*. Thus, final judgment was entered in favor of
16 Plaintiffs and against Defendant CSEA on Counts 3, 4, 5, 7 and 8 of the Complaint. Final
17 judgment was also entered in favor of Defendants and against Plaintiffs on Counts 1 and 2 of the
18 Complaint. Counts 6, 9 and 10 were dismissed as moot. In accordance with established law, the
19 Court awarded Plaintiffs and each class member nominal damages of $1.00, which is enclosed
20 with this notice.

21   In this type of litigation Federal law allows the plaintiffs, if they prevail on some of their
22 lawsuit, to seek reasonable attorneys' fees from defendants. Federal Rule of Civil Procedure
23 23(h) requires class members to be notified of the request for attorneys' fees.

---

[1]The current correct name of the defendant initially sued as "California State Employees Association, Local 1000, Service Employees International Union, AFL-CIO, CLC" is California State University Employees Union, SEIU Local 2579, California State Employees Association. Throughout this Notice "CSEA" will be used to refer to that defendant. The current State Controller John Chiang has automatically been substituted as the other defendant in this matter in place of his predecessor and original other defendant, Kathleen Connell.

1    Plaintiffs' motion requests a total of $45,500.00 in attorneys' fees and costs to counsel
2 for Plaintiffs and the class.  This amount was computed by multiplying the hourly rates of Class
3 Counsel by the number of hours they reasonably devoted to the successful portions of the
4 litigation, and by adding the statutory costs and out-of-pocket litigation expenses they incurred
5 in the successful part of the litigation.  This amount is sought only from Defendant CSEA.  It is
6 not sought from the State, nor from any of the class members or out of their nominal damages.
7 Based upon a settlement between the parties, CSEA does not object to the request for $45,500.00
8 in attorneys' fees and costs as requested in the motion.

9    More information regarding Plaintiffs' motion and the litigation is contained in the
10 motion and related documents which have been filed with the Court.  A copy of these documents
11 can be obtained by writing to Class Counsel at the address provided at the top of page one.  Do
12 NOT contact the Court, counsel for Defendants, or Defendants for these documents.

13    For a more complete description of the matters involved in this litigation, you are
14 referred to the papers on file in *Friedman v. Connell*, Case No. Civ. S-00-0101 WBS DAD (E.D.
15 Cal.), which may be inspected during regular business hours at the office of the Clerk of the
16 United States District Court for the Eastern District of California, United States Courthouse, 501
17 "I" Street, Suite 4-401, Sacramento, CA 95814.  The Court's website is www.caed.uscourts.gov.

18    **You do not need to take any action in response to this notice.**  However, you do have
19 the right to object to the motion for attorneys' fees.  Any class member wishing to object to this
20 motion must send a signed letter to Class Counsel, stating that you wish to object to the motion
21 for attorneys' fees and costs in *Friedman v. Connell*.  You must include your name, address, and
22 the reason(s) for your objection. If you also wish to appear and speak at the Court hearing on the
23 motion, you must state that in your objection letter, as well.  Any such objection letter must be
24 **received** no later than **July 2, 2010**, and must be sent to the following address: Milton L.
25 Chappell, Class Counsel, c/o National Right to Work Legal Defense Foundation, Inc., 8001
26 Braddock Road, Suite 600, Springfield, Virginia  22160; or you may email it to mlc@nrtw.org.
27 Class Counsel will file your objection letter with the Court and send a copy to CSEA's counsel.
28 Any objection you have to the fee motion will be waived unless you raise it by the time and in

1 the manner stated in this paragraph. It is the responsibility of the objector to make sure that the
2 objection letter is **received** on or before **July 2, 2010**.
3     As noted above, the Court will hold a hearing on the attorneys' fee motion on Monday,
4 July 19, 2010, at 2:00 p.m.  You do not need to appear at the hearing, but you are welcome to
5 come at your own expense.  The Court will decide whether Plaintiffs' are entitled to an award of
6 reasonable attorneys fees as well as the amount which was reasonably incurred in prosecuting
7 this civil action.

BY ORDER OF THE COURT:

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

DATED:  April 27, 2010

*Prepared jointly by the parties.*