UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID M. FRIEDMAN et al., On behalf of all others similarly situated, <br><br>    Plaintiffs, <br><br>    v. <br><br> CALIFORNIA STATE EMPLOYEES ASSOCIATION, et al., <br><br>    Defendants. | NO. CIV. 2:00-101 WBS DAD <br><br> <u>MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES</u> |

----oo0oo----

As the court entered judgment in favor of plaintiffs (Docket No. 277) on claims 3, 4, 5, 7, and 8 of their Complaint in accordance with the Order Staying Further Proceedings Pending Conclusion of Related Case of August 14, 2001 (Docket No. 261), the Memorandum and Order of November 15, 2000 (Docket No. 255), the Court's Memorandum and Order of June 20, 2006 in the related case, <u>Cummings v. Connell</u>, No. 99-2176, 2006 WL 1716160 (E.D.

1

Cal. 2006) (Cummings Docket No. 270) and the Amended Judgment therein (Cummings Docket No. 272), plaintiffs now move for an award of attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988, Federal Rules of Civil Procedure 23(h) and 54(d)(2) and Local Rule 293.

I.   Factual and Procedural Background

Plaintiffs filed suit against defendants on January 18, 2000, on behalf of themselves and a class of approximately 10,000 nonunion employees of the California State University in bargaining units 2, 5, 7, and 9 represented by defendant California State Employees Association ("CSEA"), alleging, inter alia, that as of January 1, 2000 CSEA would improperly withhold a portion of union dues from their paychecks without providing them with the procedural safeguards required by Chicago Teachers Union v. Hudson, 475 U.S. 292 (1986).  Between November 1999 and January 2000, CSEA mailed three notices--referred to in this litigation as the Original, Amended, and January notices--to all nonunion members of bargaining units 2, 5, 7, and 9 informing them of their "fair share fee" and their right to object and pay a reduced fee.  Plaintiffs alleged that all three notices failed to meet Hudson's requirements because they failed to include a copy of the related financial audit or did not provide nonmembers a reasonable opportunity to object.

On November 15, 2000, the court granted defendants' motion for summary judgment with respect to claims one and two of the Complaint (Docket No. 255).  Those claims challenged the facial constitutionality of section 2583.5 of the California Government Code, which required nonmembers to either join the

2

1  union or pay a "fair share service fee."  On August 14, 2001, the
2  court granted a joint motion to stay the remainder of plaintiffs'
3  claims pending final resolution of the related case of <u>Cummings</u>
4  <u>v. Connell</u>, No. 99-2179 WBS DAD (E.D. Cal.).  (Order Staying
5  Further Proceedings (Docket No. 261).)  The parties agreed:

> to be bound by the legal principles finally established in <u>Cummings</u> and apply them to the present case in a good faith effort to resolve the case . . . . This includes, but is not limited to, an agreement that if it is ultimately determined in <u>Cummings</u> that one or more of CSEA's <u>Hudson</u> notices in that case were legally deficient, then CSEA will accept, for settlement purposes, that the corresponding one or more of CSEA's <u>Hudson</u> notices in this case were similarly deficient.

11 (<u>Id.</u> at 1-2.)  The court determined that the notices at issue in
12 <u>Cummings</u>--April 1999, June 1999, and two January 2000 notices--
13 were constitutionally deficient for various reasons and granted
14 plaintiffs' motion for summary judgment with respect to all four
15 notices.  <u>Cummings</u>, 177 F. Supp. 2d 1060, 1064-68 (E.D. Cal.
16 2001).

17         The notices at issue in this litigation suffered from
18 the same alleged procedural deficiencies that the court found in
19 the <u>Cummings</u> litigation to be, and the Ninth Circuit upheld as,
20 constitutionally deficient under <u>Hudson</u>.  Pursuant to the
21 parties' prior agreement, the rulings in <u>Cummings</u>, and
22 plaintiffs' unopposed motion for entry of final judgment (<u>see</u>
23 Docket Nos. 267, 271, 274), on February 24, 2010 the court
24 entered final judgment in favor of plaintiffs as to claims 3, 4,
25 5, 7, and 8 of the Complaint and awarded each plaintiff and class
26 member nominal damages in the amount of $1.00, entered final
27 judgment in favor of defendants with respect to claims 1 and 2 of
28 the Complaint, and dismissed as moot claims 6, 9, and 10 of the

3

Complaint.  (Docket No. 277.)

Pursuant to Federal Rule of Civil Procedure 23(h)(1), the parties drafted a class notice regarding the attorneys' fee agreement, which was approved by the court on April 28, 2010 (Docket No. 291), and dispatched the notice to all class members on May 28, 2010 and June 7, 2010. (June 16, 2010 Certification of Mailing (Docket No. 292).) Three class members have filed written objections to the notice of motion regarding attorneys' fees. (Supp. Chappell Decl. (Docket No. 294).)  Plaintiffs now move for an order awarding fees and costs of $45,500.00 as agreed to by the parties.  Defendants have filed a statement of non-opposition to plaintiffs' motion.  (Docket No. 293.)

II.  Discussion

Plaintiffs request--and defendants agree to pay--$45,500 in attorney's fees and costs under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 23(h).  42 U.S.C. § 1988(b) provides for reasonable attorney's fees to the prevailing party in an action brought under 42 U.S.C. § 1983, and Rule 23(h) provides for attorney's fees and costs in class action suits. Additionally, out-of-pocket litigation expenses are reimbursable as a part of attorneys' fees. Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).  Although Rule 23(h) provides that attorneys' fees in class actions cannot be paid except pursuant to a Rule 54(d)(2) motion, the commentary to Rule 23(h) and Rule 54(d)(2)(B) make clear that fee agreements are relevant to what amount of fees should be awarded.  Where, as here, the amount of fees to be paid has been agreed upon subject to court approval, the court must ensure that the interests of the class are

4

protected and have not been sacrificed to the advantage of the defendant and the plaintiff's attorneys.  See, e.g., Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1397 (9th Cir. 1999) (noting that class action suits create "opportunities for collusive arrangements" among the parties and their attorneys).

In this case, the court can not conceive of any danger of collusion between the parties with regard to the settlement agreement for attorneys' fees.  All of the claims in this litigation were either decided on summary adjudication by this court, settled in favor of plaintiffs due to the rulings in the Cummings litigation, or eventually mooted by defendants' subsequent notice that complied with Hudson.  The attorneys' fees claim was not part of the settlement of any other claim and, hence, the agreed-upon amount is unaffected by any compromise of the claims of the class.  Payment of an agreed-upon amount of attorneys fees is therefore not contrary to the interests of the class.

Furthermore, the parties agree--and the court so finds--that plaintiffs qualify as a "prevailing party" for § 1988 purposes and are presumptively entitled to attorneys' fees because they prevailed on at least some of their claims under § 1983.  See Sable Commc'ns v. Pac. Tel. & Tel., 890 F.2d 184, 193 (9th Cir. 1989) ("Plaintiffs prevailing in a civil rights action should ordinarily receive attorney's fees unless special circumstances would render such an award unjust.").  This court is not aware of any special circumstances which would justify denying an award of fees and costs.

To determine a reasonable attorney fee in this case,

5

the court must first calculate the lodestar by taking the number of hours reasonably expended by the litigation and multiplying it by a reasonable hourly rate. Fisher v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). There is a strong presumption that the lodestar amount is reasonable. Fischer, 214 F.3d at 1119 n.4 (citation omitted). The district court may exclude from the initial fee calculation hours that were "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The court may then adjust the lodestar based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 536 F.2d 67 (9th Cir. 1975) that are not subsumed under the lodestar calculation.[1] Id. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Hensley, 461 U.S. at 433.

"The extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." Hensley, 461 U.S. at 440. Hensley prescribed a two-step process for calculating attorney's fees in a case of partial or limited success. A court must consider (1)

---

[1] The factors articulated by the Ninth Circuit in Kerr are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr, 526 F.2d at 70.

6

whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded," and (2) whether "the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley, 461 U.S. at 434. Deductions based on limited success are within the discretion of the district court. Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir. 2002).

### A. Lodestar Calculation

Plaintiffs propose that a base lodestar figure of $129,342.50 would be an appropriate amount of attorneys' fees in this case. This amount accounts for the hours principally expended by Milton L. Chappell, a staff attorney at the National Right to Work Legal Defense Foundation (the "Foundation"), and by Dylan B. Carp, who was then a second- and third-year attorney at the Foundation. (Docket No. 281.) This amount also includes fees generated by the Foundation's paralegal. (Id.)

#### 1. Reasonable Rate

A reasonable rate is typically based upon the prevailing market rate in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986); see also Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community."); Drexler, 22 Cal. 4th at 1095. The relevant community is generally the forum in which the court sits. Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

7

1          Chappell seeks an hourly rate of $275 per hour for his
2 work, $150 per hour for Carp's work, and $75 per hour for the
3 work of the paralegal at the Foundation.  (Id.)  In support of
4 his requested fee rate, Chappell submits a declaration (Id. Ex.
5 A) detailing his and Carp's qualifications and stating that he
6 has previously been awarded an hourly rate of $275 by Judge
7 Burrell in the case of Hoirup v. Professional Eng'rs in Cal.
8 Gov't, No. 02-662, 2006 WL 2791158 (E.D. Cal. Sept. 27, 2006),
9 which also litigated the adequacy of financial disclosures to
10 nonunion bargaining unit members under Hudson.  But see Eiden v.
11 Thrifty Payless Inc., 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005)
12 ("[J]udges in this district have repeatedly found that reasonable
13 rates in this district are $250 per hour for an experienced
14 attorney . . . .") (internal quotation marks and citation
15 omitted).  Judge Burrell also awarded a second-year attorney an
16 hourly rate of $150 and legal assistants an hourly rate of $100,
17 and--based on declarations from attorneys competent to testify as
18 to the prevailing market rates in Sacramento for comparable civil
19 rights attorneys--found all three rates to be the standard hourly
20 rate in the Sacramento area for attorneys and legal assistants
21 with similar qualifications.  Id.

22          In light of the rulings of other courts in this
23 district and Chappell's and Carp's qualifications, the court
24 finds that a rate of $275 per hour for Chappell and $150 per hour
25 for Carp constitute an approximate rate for similar work
26 performed by attorneys of similar experience and skill to
27 Chappell and Carp in the Sacramento area.  See, e.g., Eiden, 407
28 F. Supp. 2d at 1171 (stating that a reasonable rate is $175 for

associates).  Likewise, the paralegal rate "favored in this district" is $75 per hour.  See, e.g., Yeager v. Bowlin, No. 08-102, 2010 WL 2303273, at *6 (E.D. Cal. June 7, 2010) (citing cases); see also Eiden, 407 F. Supp. 2d at 1171 (citing cases stating that reasonable rate for paralegals is $75).

          2.   Hours Reasonably Expended

Plaintiffs' motion submits that a total of 536.20 hours were reasonably expended in litigation of this case.  (Mot. for Atty Fees, at 7.)  Not included in this calculation are 110.8 hours spent on matters plaintiffs found arguably excessive or duplicitive and 113 hours spent by Foundation research assistants on various research tasks.  (Id. at 7 n.6.)  Plaintiffs include with Chappell's declaration a detailed billing statement outlining the tasks performed by Carp, Chappell, and the foundation paralegal.  (Chappell Decl. (Docket No. 281 Ex. A) Ex. 1.)  The work in this case was related primarily to motions and hearings on a temporary restraining order, a preliminary injunction, class certification, and two motions for partial summary judgment.  Plaintiffs' counsel also worked on class notices, negotiating settlement and an entry of judgment post-Cummings, and the instant motion for attorneys' fees.  After reviewing the billing statements the court finds the hours expended to be reasonable.

The baseline lodestar amount believed by plaintiffs to be reasonable is as follows:

| NAME | HOURS | HOURLY RATE | LODESTAR AMT. |
|---|---|---|---|
| Carp | 112.90 | $150 | $16.935.00 |

| Chappell  | 403.30 | $275 | $110,907.50 |
| Paralegal | 20.00  | $75  | $1,500.00   |
| TOTAL     | 536.20 |      | $129,342.50 |

B.  Adjusting the Lodestar Calculation

The court may make deductions from the lodestar calculation to reflect partial or limited success. See Watson, 300 F.3d at 1096. The Ninth Circuit has approved the use of "a mathematical formula, even a crude one, to reduce the fee award to account for limited success." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895 904-905 (9th Cir. 1995) (affirming court's use of mathematical formula to reduce fee award). In this case, plaintiffs lost on counts 1 and 2 of their Complaint and were denied a temporary restraining order and preliminary injunction. Plaintiffs did, however, obtain certification of the class and ultimately prevailed on claims 3, 4, 5, 7, and 9 of their Complaint. Plaintiffs calculate that 383.20 hours were spent on issues and tasks on which they ultimately prevailed, and that 153 hours were spent on tasks on which they did not prevail--for a total of 71% of time spent on successful tasks. (Mot. for Atty Fees, at 9-10; Chappell Decl. Ex. 2.) As a result, plaintiffs propose that a reasonable fee award would be reduced to 71% of the lodestar amount.

In this calculation plaintiffs consider the time spent on the temporary restraining order and preliminary injunction as prevailing tasks, as plaintiffs were ultimately successful on their claims--which formed the basis of the motions--that the notices at issue were deficient under Hudson. See Cummings, 177

F. Supp. 2d 1079, 1086 & n.6 (E.D. Cal. 2001) (noting that even though plaintiffs were unsuccessful in pursuing temporary restraining order and second preliminary injunction, plaintiffs ultimately prevailed on their claims and that plaintiffs are "entitled to all attorney's fees reasonably expended in pursuing that claim--even though [they] may have suffered some adverse rulings") (quoting Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991)), rev'd in part on other grounds by Cummings v. Connell, 316 F.3d 886 (9th Cir. 2003) (Cummings I) (reversing, inter alia, award of compensatory damages). Plaintiffs' reductions to the lodestar for time spent on unsuccessful claims is therefore an appropriate method to ensure the fee award is "reasonable in relation to the results obtained" in the litigation. Hensley, 461 U.S. at 434.

Furthermore, it is appropriate to adjust the lodestar calculation to account for the limited monetary relief obtained by plaintiffs and class members. See Farrar v. Hobby, 506 U.S. 103, 114 (1992). In this case, each class member received nominal damages in the amount of $1.00. (Docket No. 277); see Cummings, 316 F.3d at 893-95 (reversing the court's award of compensatory damages for deficient Hudson notices). A further reduction of 25% of the lodestar amount is reasonable in light of the limited monetary relief plaintiffs received and consistent with the deduction calculated in the related Cummings litigation. Reducing the adjusted lodestar a further 25% results in a total reduction to 46% of the lodestar amount. Fourty-six percent of

11

the loadstar amount of $129,342.50 is $59,497.55.[2]

C. <u>Costs</u>

Plaintiffs also ask that the award include payment for a number of costs and expenses. Out-of-pocket costs and expenses incurred by an attorney that would normally be charged to a fee-paying client are recoverable as attorneys' fees. <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990). Plaintiffs calculate $3,765.42 primarily in filing fees, travel-related expenses, and transcripts. (Mot. for Atty Fees, at 8; <u>id.</u> Ex. 3) Defendants do not object to this calculation and the court finds the expenses and costs to be reasonable.

D. <u>Class Members' Objections</u>

In late April 2010, an appropriate notice of motion for attorneys' fees was approved by this court, and mailed to the class members pursuant to Rule 23. Fed. R. Civ. P. 23(h)(2); (<u>see</u> Notice to the Class (Docket No. 291).) According to Rule 23, as explained in the notice, all class members had the right to object in writing to the motion for attorneys' fees. <u>Id.</u> Accordingly, three class members have timely filed objections which plaintiffs' counsel, Milton L. Chappell, submitted to this

---

[2] In his supplemental declaration, counsel for plaintiffs includes additional billing information for time spent on matters related to the class notice and motion for attorneys' fees and costs since February 28, 2010. (Supp. Chappell Decl. ¶¶ 8-12.) Chappell has spent an additional 34.7 hours not already included in the lodestar calculation above not including the time spent traveling to the fairness hearing heard on July 19, 2010. Because the amount of attorneys' fees and costs agreed-to by the parties is already significantly lower than what the court will conclude is a reasonable award would warrant, the court will not make further adjustments to the lodestar calculation.

12

court on July 12, 2010.[3]  (Supp. Chappell Decl. Exs. 1-3.)

Class member Diane Slagle objects to the award on the grounds that the class should not have to pay the attorneys' fees and costs.  (Supp. Chappell Decl. Ex. 1.)

Class member Paula Zaragoza objects on the grounds that she was not consulted regarding the representation,[4] she does not believe the class should have to pay the attorneys' fees and costs, and on the ground that she disagrees with class action suits in principle.[5]  (Supp. Chappell Decl. Ex. 2.)

Class member Salvatore P. Troia objects on the grounds that the attorneys should not get paid until the class members are reimbursed the fees paid to CSEA and what appears to be general disagreement with the fairness of the nominal damages award of $1.00.  (Supp. Chappell Decl. Ex. 3.)

To the extent that the class members may be concerned that an award of attorneys' fees will come out of any monetary

---

[3] In addition, one class member, Salvatore P. Troia, stated his intention to speak at the hearing, but he did not appear.

[4] In response to the objection by Paula Zaragoza, this court notes that in a class action the issue is "whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement.  If an individual [class member] later claims he did not receive adequate notice and therefore should not be bound by the settlement, he can litigate that issue on an individual basis when the settlement is raised as a bar to a lawsuit he has brought."  Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993).  Accordingly, Zaragoza may pursue an individual remedy in a separate action, but her asserted lack of notice does not constitute a substantive objection to the present motion.

[5] While Zaragoza might generally object to class action suits, this general disagreement with the Federal Rules is not a substantive objection to the present motion for attorneys' fees and costs.

13

judgment in their favor, this is not the case.  The only award granted to class members was the nominal damages of $1.00 per class member, which has already been paid.  The attorneys' fees referenced in the present application are to come from a separate fund.  To the extent that the class members object because they have paid money to CSEA, and CSEA is paying for the attorneys' fees, the court previously explained in the Cummings litigation that this argument does not constitute a meritorious objection to the present motion.  See Cummings, No. 99-2176, 2006 WL 3951867, at *5 (E.D. Cal. Nov. 26, 2006) ("Although not named plaintiffs, objecting class members are still parties, represented by counsel, to a suit seeking monetary damages from CSEA.  It is beyond dispute that a party (even if the party only prevails in part) may be entitled to attorneys' fees, Fed. R. Civ. P. 54(d)(2), even when the ultimate judgment is for nominal damages . . . .").

To the extent that the class members are dissatisfied with the final award of $1.00 in nominal damages, this is not a proper basis for objecting to the present motion for attorneys' fees.  The parties agreed "to be bound by the legal principles finally established in Cummings and apply them to the present case."  (Order Staying Further Proceedings, at 1-2.)  While the court sympathizes with the class members' disappointment with the award, the issue of damages was decided by the Ninth Circuit in Cummings I, which held that compensatory damages to the class were not appropriate because the class members still have the burden, after receiving a proper Hudson notice, to object to paying the full fee if they are to receive a refund of the

14

nonchargeable portion of the fee.  316 F.3d at 894.

Out of the approximately 10,000 class members that are parties to this action, the court does not find merit in the three objections filed to this motion.

III. Conclusion

In accordance with the foregoing discussion, the lodestar calculation of plaintiffs' attorneys' fees and expenses equals:

Attorneys' Fees     = $59,497.55
Costs               = $3,765.42
TOTAL               = $63,262.97

The parties to this action have settled this claim in order to avoid the time, expense, and uncertainty of a dispute over the appropriate amount.  This court concludes that the unopposed amount sought, $45,500.00, is reasonable and will thus award it to class counsel.  See Cummings, No. 99-2176, 2006 WL 3951867, at *6 (awarding the amount agreed to in a settlement, $125,000.00, based on a lodestar calculation of $137,143.99); Hoirup, 2006 WL 2791158, at *5 (awarding the amount agreed to in a settlement, $110,000.00, based on a lodestar calculation of $193,889.34).

IT IS THEREFORE ORDERED that plaintiffs' motion for attorney's fees and costs be, and the same hereby is, GRANTED in the amount of $45,500.00.

DATED:  July 20, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE